QUESTIONS: 1. Can the Florida Parole and Probation Commission make such rules as to the privacy and privilege of its personnel records, which contain information on parolees and probationers as well as confidential F.B.I. reports, as may be deemed expedient in the performance of the commission's duties in accordance with s. 947.14(6), F.S.? 2. Would the personnel records then be exempt from the provisions of ss. 119.011, and 119.07, F.S., if the commission did have such authority?
SUMMARY: The Florida Parole and Probation Commission, pursuant to s. 947.14(6), F.S., may make such rules as to the privacy, privilege, and use of information obtained by the commission and placed in its permanent records concerning every person who may become subject to parole, probation, pardon, and commutation of sentence. However, s. 947.14(6) applies only to persons who may become subject to parole, probation, pardon, and commutation of sentence and does not apply to any other persons or the files and records of any other persons. If promulgated, such a rule would operate to exempt such information placed in the commission's permanent records from the operation of the public records law pursuant to s. 119.07(2), F.S. AS TO QUESTION 1: Section 947.14(1) and (2), F.S., places upon the Parole and Probation Commission the duty to obtain and place in its permanent records information as complete as may be practicably available on every person who may become subject to parole, probation, pardon, and commutation of sentence. The information which shall be placed at the commission's discretion in the permanent records of the commission is delineated in s. 947.14(1)(a)-(f). The information obtained by the commission and placed in its permanent records on every person who may become subject to parole, probation, pardon, and commutation of sentence is subject to rules regarding the privacy or privilege of such information which may be promulgated by the commission pursuant to s. 947.14(6), F.S. The commission, in its discretion, may adopt such rules limiting access to and use of such information and records when the commission deems it "expedient in the performance of its duties." However, while the information obtained on parolees and probationers and persons subject to pardon and commutation of sentence and placed in the permanent records of the commission is subject to limitation as to access to and use thereof by others, there is no corresponding privilege for "personnel records or files" of the commission. See AGO 073-51 which held that personnel files of civil service employees which included employment applications, confidential inquiries made of employees, references, etc., were public records. Thus, the privacy and privilege provisions of s. 947.14(6), F.S., apply only to the permanent records delineated in s. 947.14, and only for the purposes of, and persons affected by and enumerated in, that statute. Such privacy and privilege does not extend to the "personnel files" of the commission, nor is the commission authorized to adopt and promulgate rules as to the privacy or privilege of its "personnel records." Accordingly, information obtained by the commission and placed in its permanent records concerning parolees and probationers, including but not limited to confidential F.B.I. reports, may be subject, at the discretion of the commission, to a duly promulgated rule which limits access to, and use of, such information pursuant to s. 947.14(6), F.S. AS TO QUESTION 2: The Public Records Law provides at s. 119.011(1), F.S., that "Public Records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. Pursuant to s. 119.07(1), F.S., every person having custody of public records shall permit them to be inspected and examined under his supervision at reasonable times by any citizen. However, s. 119.07(2)(a) states that All public records which presently are deemed by law to be confidential or which are prohibited from being inspected by the public whether provided by general or special acts of the legislature or which may hereafter be so provided, shall be exempt from the provisions of this section. Thus, while the information gathered by the commission and placed within the commission's permanent records concerning individuals who may become subject to parole, pardon, probation, or commutation of sentence is a "public record" pursuant to the definition set forth at s. 119.011(1), F.S., and would ordinarily be subject to public inspection under s.119.07(1), such information can be exempted from inspection pursuant to s. 119.07(2)(a) by virtue of a duly adopted commission rule implementing s. 947.14(4), F.S. Your second question is answered in the affirmative.